## PATRICK CARRIGG *vs.* WILLIAM N. OAKS.

In an action by a servant against his master for unlawfully discharging him from his ser-
vice, the plaintiff testified that in a conversation between the parties the defendant dis-
charged him, and the defendant testified that in this conversation he did not discharge
him. *Held*, that evidence that the defendant, after the conversation, gave his wife in-
structions as to what he wanted the plaintiff to do that day, which were never communi-
cated to the plaintiff, was inadmissible to corroborate the defendant's testimony.

CONTRACT. The declaration alleged that the defendant hired
the plaintiff to work in his garden for six months, and wrongfully
discharged him before that term had expired.

At the trial in the Superior Court, before *Putnam*, J., the
plaintiff testified that on a day before the end of the six months
he had a conversation with the defendant, in which the defendant
told him to work that day for another man ; that the plaintiff
refused ; and that the defendant then discharged him. The de-
fendant denied that in this conversation he discharged the plain-
tiff, and, to corroborate his testimony, offered to prove by his
wife that, after the conversation, but on the morning of the same
day, he left an order with her, telling her what he wanted the
plaintiff to do in the garden on that day ; but it was conceded
that this order was never communicated to the plaintiff. The
plaintiff objected to the admission of this evidence, and the judge
excluded it.

The jury returned a verdict for the plaintiff, and the defend-
ant alleged exceptions.

*H. Fuller*, for the defendant.

*M. P. Knowlton*, ( *G. M. Stearns* with him,) for the plaintiff.

COLT, J. The exceptions disclose only so much of the evi-
dence as was deemed necessary to present the point. The par-
ties differed as to what was said by the defendant at the time of
the alleged discharge of the plaintiff from his employment. Each
gave a different version of the conversation. But the defendant
could not be permitted, for the purpose of corroborating his own
or contradicting the plaintiff's version, to introduce his own sub-
sequent declarations to his wife, made when the plaintiff was not
present. It was incompetent evidence. *Lucas* v. *Trumbull*, 15
Gray, 306.                    *Exceptions overruled.*